UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

|  |  |
|---|---|
| JASON DEAN BORDEN, | ) |
| Petitioner, | ) Civil No. 6:21-035-HRW |
| v. | ) |
| USA, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Jason Dean Borden is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary, located in Pine Knot, Kentucky. Proceeding without a lawyer, Borden has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction and sentence. [D.E. No. 1] Borden's § 2241 petition will be denied for multiple reasons.[1]

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

1

First, Borden has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested. Thus, he has failed to properly initiate an action in this Court.

More critically, Borden's claims for relief may not be brought in a § 2241 proceeding. In October 2016, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement with the United States, Borden pled guilty in the United States District Court for the Western District of Kentucky to one count of conspiracy to possess with intent to distribute fifty grams of more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) and one count of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). *United States v. Jason Borden*, 1:15-cr-004-GNS-HBB (W.D.Ky. 2015). In April 2017, Borden was sentenced to a term of imprisonment of 204 months as to each count, to be served concurrently, for a total term of 204 months. *Id*.

Borden's conviction and sentence were affirmed on appeal to the United States Court of Appeals for the Sixth Circuit. *United States v. Jason Dean Borden*, No. 17-5438 (6th Cir. Jan. 23, 2018). The Sixth Circuit specifically reviewed the District Court's proceedings and findings regarding Borden's mental competency

and found that there was no basis for challenging the District Court's competency determination on appeal. *Id*. The Sixth Circuit further found that Borden knowingly and voluntarily waived his right to appeal his conviction in his plea agreement and that his guilty plea is valid, as it was entered knowingly, voluntarily, and intelligently. *Id*. Finally, the Sixth Circuit concluded that Borden had no viable ineffective-assistance-of-counsel claims for appeal. *Id*.

Post-conviction, Borden has filed multiple motions seeking relief from his conviction and sentence in his criminal case, none of which have been granted. In September 2018, Borden filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming that the District Court had erred in calculating his Sentencing Guidelines range and raising an ineffective assistance of counsel claim. This motion was denied in October 2019. The District Court further denied a certificate of appealability. *United States v. Jason Borden*, 1:15-cr-004-GNS-HBB (W.D.Ky. 2015) at D.E. No. 455. After Borden filed a motion for leave to appeal *in forma pauperis*, the District Court certified that Borden's appeal was not taken in good faith. *Id*. at 474. The Sixth Circuit likewise denied Borden's application for a Certificate of Appealability, finding that reasonable jurists could not disagree with the District Court's conclusion that Borden's arguments and motions did not warrant

3

relief. *Jason Dean Borden v. United States of America*, Case No. 19-6252 (6th Cir. May 1, 2020).

Since August 2020, Borden's efforts to seek relief in his criminal case have continued without success, as he has filed a near constant stream of motions and letters seeking various forms of relief from the District Court. On January 21, 2021, the Sixth Circuit took the unusual step of issuing an Order enjoining Borden from filing any further original actions in the Sixth Circuit arising from *Borden v. Wilson*, No. 1:08-cv-027 (W.D. Ky. filed April 28, 2008), *United States v. Borden*, No. 1:15-mj-022 (W.D. Ky. filed Feb. 17, 2015), *United States v. Borden*, No. 1:15-cr-00004 (W.D. Ky. filed Mar. 11, 2015), *Borden v. United States*, No. 1:16-cv-00066 (W.D. Ky. filed May 6, 2016), and *Borden v. United States*, No. 1:18-cv-00138 (W.D. Ky. filed Sept. 26, 2018). *In re. Jason Dean Borden*, Nos. 20-6096/6304 (Jan. 21, 2021). The Sixth Circuit explained:

> To date, Borden has filed almost two dozen appeals challenging his conviction and sentence and the dismissal of his civil cases. Unable to obtain the relief he sought in those actions and in his appeals of those actions, he has now begun filing original actions in this court to challenge the district court's decisions. Within those actions, he is filing numerous motions that seek the relief he did not obtain in his previous actions and appeals. His filings are consuming considerable court resources, and he has already unsuccessfully pursued the remedies he continues to seek. Under these circumstances, it is necessary to enjoin Borden from filing any further original actions in this court that arise from any of the actions on which these petitions are based.

*Id*. at p. 2.

Undeterred, Borden has continued to seek relief in his criminal case to no avail. Borden has now turned his efforts to seek relief in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his § 2241 petition, Borden claims that he is entitled to relief because of violations of Rule 11 of the Federal Rules of Criminal Procedure, including that he was not "fully informed of his…binding plea of guilty, nor the factors of his plea, compared to Trial by Jury, its effects nor its detail," [D.E. No. 1 at p. 2], as well as the District Court's failure to explain a "downward departure," and a "lack of allocution." He also claims that there is no record of the District Court addressing Borden's mental health. Borden has also filed a "motion for leave to amend," seeking to raise challenges to the Pre-Sentence Investigation Report ("PSR") prepared by the United States Probation Office prior to his sentencing. [D.E. No. 4]

As a threshold matter, Borden's § 2241 petition is barred by the waiver provision of his plea agreement, a waiver that the Sixth Circuit has already determined was knowing and voluntary. Pursuant to this provision, Borden agreed that, unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, he knowingly and voluntarily waived the right to directly appeal his conviction and sentence and "to contest or collaterally attack his conviction and the

5

resulting sentence under 28 U.S.C.§ 2255 or otherwise." *United States v. Jason Borden*, 1:15-cr-004-GNS-HBB (W.D.Ky. 2015) at D.E. No. 248 at ¶11. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Borden is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Even aside from the waiver, Borden may not bring his claims in a § 2241 proceeding. While a federal prisoner may challenge the legality of his convictions and sentence in a motion filed pursuant to 28 U.S.C. § 2255 with the sentencing court, he generally may not do so in a § 2241 petition because it does not function as an additional or alternative remedy to the one available under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or

ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Borden's petition does not purport to meet any of these requirements. Rather, he seeks to re-litigate claims that have already been rejected multiple times by both the sentencing court and the Sixth Circuit, claiming that a motion under 28 U.S.C. §

7

2255 is "inadequate or ineffective" because of "error in rulings" of the United States District Courts in Ohio[2] and the Western District of Kentucky, denying him a Certificate of Appealability with respect to the District Court's denial of his § 2255 motion. However, Borden's argument that the sentencing and appellate courts erred in rejecting his claims is not a valid basis for proceeding under the savings clause. Indeed, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Borden certainly has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Id*. at 706. To the contrary, Borden has presented his claims for relief repeatedly and they have been rejected by both the sentencing Court and the Sixth Circuit. This rejection does not mean that § 2255 was "inadequate or ineffective" to test his sentence. *Id*. Because Borden cannot show "he had no prior reasonable opportunity to bring his argument for relief," *id*. at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

---

[2] Although it is not entirely clear, it appears as though Borden's references to the "USCD/Ohio" actually refer to the United States Court of Appeals for the Sixth Circuit.

For all of these reasons, Borden may not utilize the "savings clause" of § 2255(e) to challenge his conviction in this § 2241 proceeding. Thus, his petition will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1. Borden's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

2. Any pending request for relief, including Borden's Motion for Leave to Amend [D.E. No. 4] is **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 5th day of April, 2021.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge